785 So.2d 531 (2001)
Garnett Dwayne BOWE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2845.
District Court of Appeal of Florida, Fourth District.
February 14, 2001.
Opinion on Denial of Rehearing May 2, 2001.
Carey Haughwout, Public Defender, and Maxine Williams, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
We affirm appellant's conviction for two counts of tampering with evidence and write to address one issuewhether a detective's testimony concerning a caller I.D. readout and the numbers appearing on the digital display of appellant's pager constituted inadmissible hearsay.
In this case, the St. Lucie County Sheriffs Office set up a drug deal with appellant, using a confidential informant. The informant contacted appellant through a "hello line," a phone at the Sheriffs Office used by the special investigations unit. The "hello line" was set up so that the Sheriff's Office would not appear on the caller I.D. display of anyone called from the phone.
The informant used the "hello line" to call appellant's mobile pager. The informant sent a page comprised of the "hello *532 line" phone number and the number 40, a way of communicating that the informant wanted to purchase four cocaine rocks at ten dollars each.
Several minutes later, the "hello line" rang. A detective testified that the caller I.D. hooked up to the line indicated that the call came from "Craig Bowe." Appellant and the informant agreed to meet in fifteen minutes.
After appellant was arrested, the deputies found his pager. A detective testified that the pager displayed the "hello line's" phone number and the number 40.
Appellant contends that the trial court erroneously allowed the detective to describe the readouts from the pager and the caller I.D. box, since both were hearsay.
The Florida Evidence Code characterizes hearsay in terms of statements made by "persons." Subsection 90.801(1)(c), Florida Statutes (2000), defines hearsay as including an out-of-court "statement" of a declarant. Subsection 90.801(1)(b) defines a "declarant" as a "person who makes a statement." Therefore, only statements made by persons fall within the definition of hearsay.
The caller I.D. display and pager readouts are not statements generated by a person, so they are not hearsay within the meaning of subsection 90.801(1)(c). See Inglett v. State, 239 Ga.App. 524, 521 S.E.2d 241, 245 (1999) (holding that caller I.D. display not hearsay), cert. denied, No. S99C175, 2000 Ga. LEXIS 39, *1 (Ga. Jan. 14, 2000); Tatum v. Commonwealth, 17 Va.App. 585, 440 S.E.2d 133, 135 (1994) (finding that display on caller I.D. device not hearsay, since device is not "out of court asserter"). Such evidence is admissible unless excluded by some other evidentiary rule.
AFFIRMED.
DELL and STEVENSON, JJ., concur.

ON MOTION FOR REHEARING
GROSS, J.
In part, the original opinion, Bowe v. State, 785 So.2d 531 (Fla. 4th DCA 2001), stands for the unremarkable and narrow proposition that a detective's in court testimony about a caller I.D. and a mobile pager's numerical display was not hearsay. See, e.g., CHARLES W. EHRHARDT, FLORIDA EVIDENCE § 801.2 (1999 ed.). This is because neither the pager nor the caller I.D. screen, like a radar or other similar machine able to give a readout, was a "person" capable of being a "declarant" within the definition of the hearsay rule. § 90.801(1)(b), Fla.Stat. (2000). The main justification for the hearsay rule is the lack of opportunity to cross-examine a declarant who made an out of court statement. See CHARLES W. EHRHARDT, FLORIDA EVIDENCE § 801.1 (1999 ed.). One does not cross-examine a machine; one cross-examines the person who operated or maintained it.
In his motion for rehearing, Bowe argues that the numbers transmitted to the mobile pager were hearsay. The informant sent a page comprised of the "hello line" phone number and the number 40, as a way of communicating that the informant wanted to purchase four cocaine rocks at ten dollars each. Even though this specific objection to the informant's message was not raised at trial, we address it for the purpose of clarification.
The informant's numerical communication to the pager was a "statement" under section 90.801(1)(a)2., since it was nonverbal conduct of the informant that was "intended by [him] as an assertion." If this statement had been offered to "prove the truth of the matter asserted"that the informant wanted to purchase four cocaine *533 rocks for $40then the statement would have been hearsay. See § 90.801(1)(c), Fla.Stat. (2000). However, the prosecution offered the "statement" not to prove the truth of the matter asserted, but to show that the recipient of the numerical message was the defendant, since the numbers appeared on his pager.
Contrary to Bowe's argument, this case does not exclude all e-mail from hearsay. The original opinion did not address the hearsay aspect of the underlying message sent to the mobile pager. An e-mail "statement" sent to another is always subject to the limitations of the hearsay rule. Cf. United States v. Jackson, 208 F.3d 633, 637 (7th Cir.) (holding that web postings were hearsay), cert. denied, ___ U.S. ___, 121 S.Ct. 416, 148 L.Ed.2d 321 (2000).
As for the display on the caller I.D., there was no showing that the caller to the hello line intended his dialing of the number to be an "assertion" under section 90.801(1)(a)2. Thus, there was no message transmitted that fell within the definition of hearsay, nor was there any other evidentiary objection. Bowe did not challenge the reliability of caller I.D. technology to pinpoint the source of a phone call. Bowe also did not object on the ground of relevance, arguing that the state failed to link the name on the caller I.D. to him.
The motion for rehearing is denied.
DELL and STEVENSON, JJ., concur.