# Third District Court of Appeal
## State of Florida

Opinion filed April 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2147
Lower Tribunal No. 20-3611
_____

**Dian Oved,**
Appellant,

vs.

**The Health Spectrum, LLC, et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Goldberg Segalla, LLP, and Dustin C. Blumenthal (West Palm Beach), for appellant.

Carey, O'Malley, Whitaker, Mueller, Roberts & Smith, P.A., and Stephen J. Bagge (Tampa), for appellees.

Before LOGUE, C.J., and EMAS, and MILLER, JJ.

PER CURIAM.

Affirmed.  See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1304–06 (11th Cir. 2009) (affirming ultimate sanction of dismissal because "in a civil suit such as this one, the court may draw adverse inferences against a party that invokes the Fifth Amendment" and the court "reasonably inferred that [a party] had engaged in extensive and disruptive surveillance of privileged communications" such that "neither [the other party] nor the court would know the extent of [the party's] activities or how [the misconduct] would prejudice [the other party's] position in the litigation"); Atlas v. Atlas, 708 So. 2d 296, 299 (Fla. 4th DCA 1998) ("[T]he Supreme Court held that a court may draw an adverse inference against a party in a *civil* action who invokes the Fifth Amendment privilege against self-incrimination.") (emphasis in original); Bowe v. State, 785 So. 2d 531, 533 (Fla. 4th DCA 2001) (denying motion for rehearing because party "offered the [machine generated] 'statement' *not* to prove the truth of the matter asserted, but to show that the recipient of the [device] was the [other party], since the [device] appeared [at their location]") (emphasis in original).